UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DAYTON L. MCNEAL )
)
)
v. ) No. 2:14-cv-220
) *Greer/Inma*n
)
JOHN WALTON, Sessions Court Judge )

## MEMORANDUM and ORDER

Acting *pro se*, Dayton L. McNeal has submitted this civil rights complaint under 42 U.S.C. § 1983, [Doc. 1]. Plaintiff's motion to *proceed in forma pauperis* is **GRANTED**, [Doc. 2]. Named in the complaint as the sole defendant is the Honorable John Walton, Sessions Court Judge in Carter County, Tennessee. According to the pleading, Judge Walton presided over plaintiff's criminal case in 2004 and imposed on him a sentence of eleven months and twenty-nine days. Ten years later, Judge Walton again gave him an 11-month, 29-day sentence for some unexplained offense, which plaintiff alleges placed him in double jeopardy because he was charged twice for the same offense. Plaintiff therefore concludes that he should not have been placed on probation the second time and he asks the Court to "do something".

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In performing this task, however, the Court recognizes that *pro se* pleadings

1

filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

The Court does not read the complaint as requesting monetary damages from Judge Walton, which would implicate the doctrine of judicial immunity, *see Mireles v. Waco*, 502 U.S. 9, 9 (1991), and would lead to the dismissal of the complaint on that basis alone. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (interpreting judicial immunity as "immunity from suit rather than a mere defense to liability").

The Court does understand plaintiff's invitation to the Court to "do something" as a request to intercede in his state criminal case and, perhaps, to vacate his probationary sentence or even his conviction. However, the Court cannot give plaintiff that kind of relief from a state criminal case through the means of filing a civil rights action under 42 U.S.C. § 1983, *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (referring to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"), because challenges to either the fact or the duration of confinement (including probationary sentences) must be brought solely by way of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore these claims, as construed, fail to state a claim entitling plaintiff to relief in this civil suit.

Because plaintiff has failed to state a claim against Judge Walton, this lawsuit will be **DISMISSED** by separate order.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
